ORIGINAL

IMAGED AUG 14 2006

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:     415/674-8600
Facsimile:     415/674-9900

Attorneys for Plaintiffs
LES JANKEY
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

SUMMONS ISSUED
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

06 AUG 15 AM 10: 57

GORDON PARK - LI, CLERK

BY:_____
DEPUTY CLERK
D. STEPPE

CASE MANAGEMENT CONFERENCE SET

JAN 1 2 2007 -9:00 AM

DEPARTMENT 212

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR SAN FRANCISCO COUNTY

LES JANKEY, an individual; and
DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING
YOU HELP OTHERS, a California public
benefit corporation,

        Plaintiffs,

v.

TIA MARGARITA; TIA MARGARITA
INC., a California corporation; TIA
ASSOCIATES INCORPORATED, a
California corporation;  and DOES 1-20,
inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CGC-06-455148
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3    corporation (hereinafter sometimes referred to as "DREES"), complain of defendants TIA

4    MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a

5    California corporation;  and DOES 1-20, inclusive, and allege as follows:

6    **INTRODUCTION:**

7        1.    This is a civil rights action for discrimination against persons with physical

8    disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members,

9    for failure to remove architectural barriers structural in nature at defendants' TIA MARGARITA

10   RESTAURANT, a place of public accommodation, thereby discriminatorily denying plaintiffs

11   and the class of other similarly situated persons with physical disabilities access to, the full and

12   equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

13   and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

14   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16       2.    Plaintiff LES JANKEY is a person with physical disabilities who, on or about

17   March 18, 2005, October 18, 2005, January 24, 2006, and May 19, 2006, was an invitee, guest,

18   patron, customer at TIA MARGARITA INC., a California corporation and TIA ASSOCIATES

19   INCORPORATED, a California corporation's TIA MARGARITA RESTAURANT, in the City

20   of San Francisco, California.  At said time and place, defendants, TIA MARGARITA INC., a

21   California corporation and TIA ASSOCIATES INCORPORATED, a California corporation,

22   failed to provide proper legal access to the TIA MARGARITA, which is a "public

23   accommodation" and/or a "public facility" including, but not limited to the entrance, men's

24   restroom, and women's restroom.  The denial of access was in violation of both federal and

25   California legal requirements, and plaintiff LES JANKEY suffered violation of his civil rights to

26   full and equal access, and was embarrassed and humiliated.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to California

Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*,

including §19959 and Title 24, California Building Standards Code.  Further, a violation of the

Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, is a violation of Civil Code

§51 & 54.

4.     **Venue:**   Venue is proper in this court and is founded on the facts that the real

property which is the subject of this action is located at/near 300 19TH Ave, in the City of San

Francisco, County of San Francisco, State of California, and that plaintiffs' causes of action arose

in this county.

**PARTIES:**

5.     Plaintiff LES JANKEY is a "physically handicapped person", a "physically

disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

disabled", "physically handicapped" and "person with physical disabilities" are used

interchangeably, as these words have similar or identical common usage and legal meaning, but

the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff

LES JANKEY is a "person with physical disabilities", as defined by all applicable California and

United States laws.  Plaintiff has a congenital deformity of both lower extremities. Plaintiff LES

JANKEY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff LES

JANKEY is a member of that portion of the public whose rights are protected by the provisions

of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by

Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code

§§51and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities

Act, 42 U.S.C. §12101, *et seq.*

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.       Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector. DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.       That members of DREES, like plaintiff LES JANKEY, will or have been guests and invitees at the subject TIA MARGARITA RESTAURANT, and that the interests of plaintiff DREES in removing architectural barriers at the subject Mexican restaurant advance the purposes of DREES to assure that all public accommodations, including the subject restaurant, are accessible to independent use by mobility-impaired persons.

8.       Defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation;  and DOES 1-20, inclusive, (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as TIA MARGARITA, located at/near 300 19TH Ave, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9.       At all times relevant to this complaint, defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation; and DOES 1-20, inclusive, own and operate in joint venture the subject TIA MARGARITA as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

1    10.    At all times stated herein Tyler M. Paetkau was an agent, servant: and

2    representative of defendants TIA MARGARITA INC., a California corporation and TIA

3    ASSOCIATES INCORPORATED, a California corporation and communicated, negotiated, and

4    committed retaliatory acts against plaintiff LES JANKEY as stated herein.

5    11.    At all times relevant to this complaint, defendants TIA MARGARITA INC., a

6    California corporation; TIA ASSOCIATES INCORPORATED, a California corporation and

7    DOES 1-20, inclusive, are jointly and severally responsible to identify and remove architectural

8    barriers at the subject TIA MARGARITA pursuant to Code of Federal Regulations title 28,

9    section 36.201(b), which states in pertinent part:

10    **§ 36.201        General**

11    (b) *Landlord and tenant responsibilities.* Both the landlord
     who owns the building that houses a place of public
12    accommodation and the tenant who owns or operates the place of
     public accommodation are public accommodations subject to the
13    requirements of this part.  As between the parties, allocation of
     responsibility for complying with the obligations of this part may
14    be determined by lease or other contract.

15    28 CFR §36.201(b)

16    12.    At all times relevant to this complaint defendants TIA MARGARITA INC., a

17    California corporation; TIA ASSOCIATES INCORPORATED, a California corporation and

18    DOES 1-20, inclusive, a jointly and severally responsible for the retaliatory acts, as stated herein,

19    by Tyler M. Paetkau against plaintiff LES JANKEY.

20    **PRELIMINARY FACTUAL ALLEGATIONS:**

21    13.    The TIA MARGARITA RESTAURANT, is a restaurant, located at/near 300 19TH

22    Ave, San Francisco, California.  The TIA MARGARITA RESTAURANT, its entrance, men's

23    restroom, women's restroom, and its other facilities are each a "place of public accommodation

24    or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.

25    On information and belief, each such facility has, since July 1, 1970, undergone "alterations,

26    structural repairs and additions", each of which has subjected the TIA MARGARITA

27    RESTAURANT and each of its facilities, its entrance, men's restroom, and women's restroom to

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  disability access requirements per the Americans with Disabilities Act Accessibility Guidelines

2  (ADAAG), and Title 24 of the California Code of regulations (Title 24).

3       14.     At all times stated herein, plaintiff LES JANKEY was a member of DREES.

4       15.     At all times referred to herein and continuing to the present time, defendants, and

5  each of them, advertised, publicized and held out the TIA MARGARITA RESTAURANT as

6  being handicapped accessible and handicapped usable.

7       16.     On or about March 18, 2005, October 18, 2005, January 24, 2006, and May 19,

8  2006, plaintiff LES JANKEY was an invitee and guest at the subject TIA MARGARITA, for

9  purposes of having food and drink.

10       17.     On or about March 18, 20065, plaintiff LES JANKEY patronized TIA

11  MARGARITA. Plaintiff wheeled into the restaurant and had difficulty with the interior door. The

12  interior door had little or no side strike clearance and required significant effort to open due to

13  excessive door pressure.

14       18.     At said time and place, plaintiff LES JANKEY needed to use an accessible

15  restroom. It didn't matter whether it was a men's or women's restroom. Plaintiff LES JANKEY

16  proceeded to the men's restroom and found that it was not accessible and not usable. The stall

17  was too small and did not have grab bars.

18       19.     On or about October 18, 2005, plaintiff LES JANKEY again patronized TIA

19  MARGARITA. No changes had been made to the entry door and the men's restroom was still

20  inaccessible when plaintiff LES JANKEY attempted to use it.

21       20.     On or about October 19, 2005, plaintiff LES JANKEY wrote two letters. One to

22  the manager of TIA MARGARITA and the other to the owner of the building. Plaintiff LES

23  JANKEY voiced his concern about the restrooms and provided defendants with services to

24  secure information to allow them to identify and remove barriers and possibly do the work

25  themselves.

26       21.     At said times stated herein, defendants chose not to personally respond rather

27  defendant authorized, sanctioned and directed the law firm of Winston and Strawn LLP and two

28  of it's lawyers Tyler M. Paetkau and Michael Sweet to engage plaintiff LES JANKEY.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22.     On or about November 16, 2005, Michael Sweet (hereafter referred to as Sweet) responded to plaintiff LES JANKEY's letter. In substance Sweet stated that the restaurant had a committee of regulars (who are disabled) who management had worked with over the years to ensure that wheelchair users are able to receive the same service and dining experience an able bodied persons. Sweet further stated the restaurant doubted that plaintiff LES JANKEY had in fact even been there. Sweet closed by stating that although their was skepticism, "we" are examining the issues.

23.     On or about December 30, 2005, plaintiff LES JANKEY responded to Sweet's November 16, 2005 letter. Plaintiff LES JANKEY took issue with Sweet's assertion that plaintiff LES JANKEY was well versed in issues related to access and reminded Sweet that he had given TIA MARGARITA two sources from which to get accurate information relative to access. In essence he told Sweet to get the information and to look at TIA MARGARITA. Plaintiff LES JANKEY asserted that the "committee" of "regulars" didn't get things right because the restroom was totally inaccessible. Plaintiff requested that the restaurant, not the lawyers write him as to what would be done and when it would be done. Plaintiff LES JANKEY gave Sweet ten days to accomplish this simple task.

24.     On or about January 13, 2006, Tyler M. Paetkau (hereinafter referred to as Paetkau) obviously the legal brain trust of Winston and Strawn (given the fact that he presented plaintiff LES JANKEY with a mini summary of case law relative to the readily achievable standard) responded to plaintiff LES JANKEY's January 6, 2006 letter. Paetkau did not have his clients commit to plaintiff that the men's and women's restroom would be made accessible. Paetkau neglected to state what "we" (the Law Firm and Restaurant) had examined relative to access since defendants letter of November 16, 2005. Eight weeks had past and defendants apparently were still examining the issues. Almost three months lapsed since plaintiff LES JANKEY's first letter.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25.     On or about January 24, 2006, plaintiff LES JANKEY returned to TIA MARGARITA. Plaintiff LES JANKEY had food and beverage and discovered that no changes had been made to the men's restroom. In fact it was obvious to plaintiff that if defendants identified barriers that none within the restaurant were removed.

26.     On or about January 26, 2006, plaintiff LES JANKEY responded to Paetkau's letter of January 13, 2006. Plaintiff LES JANKEY informed Paetkau that he did not intend to take it upon himself and attempt to be a lawyer and read all the cited cases. Rather, plaintiff LES JANKEY suggested making both restrooms unisex and removing the partitions in the men's restroom. Plaintiff LES JANKEY informed Paetkau that he had been there on January 24, 2006. Plaintiff LES JANKEY informed Paetkau that enough time had passed for a decision to have been made and that plaintiff LES JANKEY wanted a written agreement between he and TIA MARGARITA, listing everything TIA MARGARITA was to do to the men's and women's restroom accessible along with anything else in the restroom. Plaintiff LES JANKEY suggested the work could be completed by January 31, 2007 and that he wanted the agreement by February 14, 2006.

27.     On or about February 14, 2006, Paetkau responded to plaintiff LES JANKEY's letter of January 26, 2006 (twelve days after the deadline). In that response Paetkau represented that the partition was taken out of the men's restroom and that the door was being made wider.

28.     On or about April 10, 2006, plaintiff LES JANKEY wrote Paetkau and removed of the partition in the men's restroom and stated he assured this applied to the women's restroom. Plaintiff LES JANKEY also reminded Paetkau to make sure the grab bars were installed correctly and to check the height of the dispenser and lever hardware.

29.     On or about April 21, 2006, Paetkau drafted a retaliatory letter to plaintiff LES JANKEY for voicing his concerns through all of his letters the access be provided for the disabled at TIA MARGARITA. Paetkau stated in part "TIA MARGARITA *already* has responded to all your letters and views your continued campaign of purported demands as **Illegal Harassment**. Paetkau then asserts that plaintiff LES JANKEY in this instance has engaged in **bad** faith tactics (based upon the Mandarin Touch decision) and boldly states "We do not believe

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1  that a Northern District judge will view favorably your decision to pursue the same Bad Faith

2  Tactics in this district."Paetkau then assumes that plaintiff LES JANKEY based on "your

3  extensive litigation history" may be considering a lawsuit against TIA MARGARITA. After

4  laying out preliminary intimidating charges, as follows Paetkau attempts to reinforce his

5  assertions by intimidation, coercion, and threats:

6  •  Intimidating and Coercive CHARGE - "Illegal Harassment"

7  •  Intimidating and Coercive CHARGE - "Bad Faith Tactics"

8  •  Intimidating and Coercive CHARGE - "Frivolous Complaint" (will be)

9  •  Intimidating and Coercive Threat, Intimidation, Coercion - "Will

10  Aggressively Pursue Recovery of Expenses and Attorney Fees"

11  •  Intimidating and Coercive CHARGE - "Your Bad Faith Action"

12  The purpose and intent of Paetkau's letter was to use Intimidation, Coercion, and Threat to such

13  are "illegal harassment" and to preclude the filing of a civil rights case for injunctive relief and

14  compensatory damages (which are civil rights).

15  30.  On or about May 19, 2006, plaintiff LES JANKEY returned to TIA

16  MARGARITA for food, beverage, and to determine what if any remedial measures had been

17  undertaken. Plaintiff LES JANKEY needed to use the restroom. Plaintiff LES JANKEY wheeled

18  to the men's restroom. The door was wider and the partition removed. However, defendants and

19  Paetkau obviously did not secure information from Pacific Disability or the Department of

20  Justice, references provided by plaintiff LES JANKEY because the grab bars were installed

21  wrong, the dispensers were too high, the urinal blocked the water closet, and the lavatory was in

22  a cabinet.

23  31.  On or about May 19, 2006, plaintiff LES JANKEY attempted a transfer to and

24  from the water closet from his chair and did so with great difficulty, not having the proper grab

25  bars to use and partial blockage of the water closet by the lavatory cabinet.

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

32.     Therefore, at said time and place, plaintiff LES JANKEY, a person with a disability, encountered the following inaccessible elements of the subject TIA MARGARITA which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.     lack of an accessible interior door entrance to the dining area;

      b.     lack of a handicapped-accessible women's public restroom;

      c.     lack of a handicapped-accessible men's public restroom; and

      d.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

33.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

34.     On or about October 19, 2005, December 30, 2005, January 26, 2006, and April 10, 2006, defendants were sent letters by or on behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting remedial measures be undertaken or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' responses in substance were of a retaliatory nature.

35.     At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

///

///

///

36.    As a legal result of defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation and DOES 1-20, inclusive's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

37.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff LES JANKEY suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered injury on or about (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

38.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.

39.    Plaintiff LES JANKEY and the membership of DREES were denied their rights to equal access to a public facility by defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation and DOES 1-20, inclusive, because defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation and DOES 1-20, inclusive, maintained a restaurant

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   without access for persons with physical disabilities to its facilities, including but not limited to

2   the entrance, men's restroom, women's restroom, and other public areas as stated herein, and

3   continue to the date of filing this complaint to deny equal access to plaintiff and other persons

4   with physical disabilities in these and other ways.

5        40.     On information and belief, construction alterations carried out by defendants have

6   also triggered access requirements under both California law and the Americans with Disabilities

7   Act of 1990.

8        41.     Plaintiffs, as described herein below, seek injunctive relief to require the TIA

9   MARGARITA RESTAURANT to be made accessible to meet the requirements of both

10  California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so

11  long as defendants operate the restaurant and bar as a public facility.  Plaintiffs seek damages for

12  violation of their civil rights on  and they seek statutory damages of not less than $4,000,

13  pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day

14  after his visit that plaintiff LES JANKEY was deterred from returning to the restaurant because

15  of his knowledge and belief that the premises was and remains inaccessible to persons with

16  disabilities.

17       42.     On information and belief, defendants have been negligent in their affirmative

18  duty to identify the architectural barriers complained of herein and negligent in the removal of

19  some or all of said barriers.

20       43.     Because of defendants' violations, plaintiffs and other persons with physical

21  disabilities are unable to use public facilities such as those owned and operated by defendants on

22  a "full and equal" basis unless such facility is in compliance with the provisions of the

23  Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*

24  *seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court

25  compelling defendants to make the TIA MARGARITA RESTAURANT accessible to persons

26  with disabilities.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

44.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to profound example of defendants, and each of them, to other operators of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

45.     Plaintiffs are informed and believe and therefore allege that defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and DOES 1-20, inclusive, and each of them, caused the subject building(s) which constitute the TIA MARGARITA RESTAURANT to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the restaurant and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the TIA MARGARITA RESTAURANT and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff LES JANKEY, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

46.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the TIA MARGARITA RESTAURANT and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff LES JANKEY himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the TIA MARGARITA RESTAURANT accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the restaurant.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///

///

///

47.     Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and DOES 1-20, inclusive)
(42 U.S.C. §12101, *et seq.*)

48.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 47 of this complaint.

49.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

50.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

51.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

Check appropriate description:

> (B) a restaurant, bar or other establishment serving food or drink;

> 42 U.S.C. §12181(7)(B)

52.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

53.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

///

///

///

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

54.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of TIA MARGARITA RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

55.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

2   not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

3   make the required services available through alternative methods which were readily achievable.

4        56.      On information and belief, construction work on, and modifications of, the subject

5   building(s) of TIA MARGARITA RESTAURANT occurred after the compliance date for the

6   Americans with Disabilities Act, January 26, 1992, independently triggering access requirements

7   under Title III of the ADA.

8        57.      Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

9   *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

10   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

11   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

12   are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

13   returning to or making use of the public facilities complained of herein so long as the premises

14   and defendants' policies bar full and equal use by persons with physical disabilities.

15        58.      42 U.S.C. 12188 (a)(1) states:, "Nothing in this section shall require a person with

16   a disability to engage in a futile gesture if such person has actual notice that a person or

17   organization covered by this title does not intend to comply with its provisions".  Pursuant to this

18   section, plaintiff LES JANKEY has not returned to defendants' premises since on or about May

19   19, 2006, but on information and belief, alleges that defendants have continued to violate the law

20   and deny the rights of plaintiffs and of other persons with physical disabilities to access this

21   public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

22   §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

23   facilities readily accessible to and usable by individuals with disabilities to the extent required by

24   this title".

25        59.      At all times stated herein, plaintiff LES JANKEY amongst other activities was

26   attempting to secure pursuant to the provisions of the American with Disabilities Act the removal

27   of architectural barriers at the subject TIA MARGARITA. Said attempts are evidenced by the

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   letters referred herein to the lawyers Paetkau and Sweet who acted as agents and representatives

2   of defendants and each of them.

3       60.     The writings of said letters, which sought the removal of barriers, were potential

4   acts under the ADA.

5       61.     The responsive letters by the agents and representatives of defendants as stated

6   herein, caused plaintiff emotional distress as said letters intimidated and made plaintiff LES

7   JANKEY fearful of further retaliation. The letters written by Paetkau constituted retaliations

8   under 42 USC § 12203 (a): "No person shall discriminate against any individual because such

9   individual has opposed any act or practice made unlawful by this act or because such individual

10  made a charge, testified, assisted, or participated un any manner in an investigation, proceeding,

11  or hearing under this Act." § 12203 (B) also makes it unlawful to "coerce, intimidate, threatened,

12  or interfere with any individual in the exercise, or enjoyment of... any right granted or protected

13  by this Act."

14      62.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

15  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

16  the Americans with Disabilities Act of 1990, including but not limited to an order granting

17  injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

18  deemed to be the prevailing party.

19      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

20  **II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
         IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
21       (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
         EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
22       benefit corporation, and Against Defendants TIA MARGARITA INC., a California
         corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and DOES
23       1-20, inclusive)
         (California Civil Code §§54, 54.1, 54.3, *et seq.*)
24
25      63.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

    allegations contained in paragraphs 1 through 62 of this complaint.

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

64.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

65.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

66.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

67.     Plaintiff LES JANKEY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' TIA MARGARITA RESTAURANT.  As a legal result, plaintiffs are

1  entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on which they

2  visited or have been deterred from visiting the restaurant because of their knowledge and belief

3  that the restaurant is inaccessible to persons with disabilities. California Civil Code §54.3(a)

4  provides:

> Any person or persons, firm or corporation, who denies or
> interferes with admittance to or enjoyment of the public facilities
> as specified in Sections 54 and 54.1 or otherwise interferes with
> the rights of an individual with a disability under Sections 54, 54.1
> and 54.2 is liable for each offense for the actual damages and any
> amount as may be determined by a jury, or the court sitting without
> a jury, up to a maximum of three times the amount of actual
> damages but in no case less than . . .one thousand dollars ($1,000)
> and . . . attorney's fees as may be determined by the court in
> addition thereto, suffered by any person denied any of the rights
> provided in Sections 54, 54.1 and 54.2.

11  Civil Code §54.3(a)

12  68. On or about March 18, 2005, October 18, 2005, January 24, 2006, and May 19,

13  2006, plaintiff LES JANKEY suffered violations of §§54 and 54.1 of the Civil Code in that

14  plaintiff LES JANKEY was denied access to the entrance, men's restroom, women's restroom

15  and other public facilities as stated herein at the TIA MARGARITA RESTAURANT and on the

16  basis that plaintiff LES JANKEY was a person with physical disabilities.

17  69. As a result of the denial of equal access to defendants' facilities due to the acts

18  and omissions of defendants, and each of them, in owning, operating and maintaining these

19  subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

20  limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff LES JANKEY suffered

21  physical discomfort, (including, but not limited to, fatigue, stress, strain, and pain in wheeling

22  and attempting to and/or transferring up, on, down, to, over, around and through architectural

23  barriers) emotional distress, mental distress, mental suffering, mental anguish, which includes

24  shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which

25  are expectedly and naturally associated with a denial of access to a person with physical

26  disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to

27  act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an

28  entity that represents persons with physical disabilities and unable, because of the architectural

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  barriers created and maintained by the defendants in violation of the subject laws, to use the

2  public facilities hereinabove described on a full and equal basis as other persons.

3       70.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct

4  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of

5  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

6  about March 18, 2005, October 18, 2005, January 24, 2006, and May 19, 2006, and on a

7  continuing basis since then, including statutory damages, a trebling of all of actual damages,

8  general and special damages available pursuant to §54.3 of the Civil Code according to proof.

9       71.    As a result of defendants', and each of their, acts and omissions in this regard,

10  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

11  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

12  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

13  the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this

14  lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

15  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

16  plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

17  the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

18  party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

19       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

20  **III.**    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
          **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
21         (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
          EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
22         benefit corporation and Against Defendants TIA MARGARITA INC., a California
          corporation; TIA ASSOCIATES INCORPORATED, a California corporation and DOES
23         1-20, inclusive)
          (Health & Safety Code §19955, *et seq.*)
24
25       72.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

26  the allegations contained in paragraphs 1 through 71 of this complaint.

27       73.    Health & Safety Code §19955 provides in pertinent part:

28         The purpose of this part is to insure that public accommodations or
          facilities constructed in this state with private funds adhere to the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

74.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the TIA MARGARITA RESTAURANT and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

75.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of TIA MARGARITA RESTAURANT and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

76.     Restaurants such as the TIA MARGARITA RESTAURANT are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

77.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

78.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Civil Code §§54.3 and 55. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

79.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

IV.    **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ*. (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation and DOES 1-20, inclusive)
(Civil Code §51, 51.5)

80.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 79 of this complaint.

81.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

82.   The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

83.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at ¶¶46, *et seq*., as if repled herein.

84.     As a legal result of the violation of plaintiff LES JANKEY's  civil rights as hereinabove described, plaintiff LES JANKEY has suffered general damages, (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers) physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs LES JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special

1   and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by

2   statute, according to proof if deemed to be the prevailing party.

3   **PRAYER:**

4       Plaintiffs pray that this court award damages and provide relief as follows:

5   **I.**    **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
6   **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
7   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
benefit corporation, and Against Defendants TIA MARGARITA INC., a California
8   corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and DOES
1-20, inclusive)
9   (42 U.S.C. §12101, *et seq.*)

10       1.    For injunctive relief, compelling defendants TIA MARGARITA INC., a

11   California corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and

12   DOES 1-20, inclusive, to make the TIA MARGARITA RESTAURANT, located at 300 19TH

13   Ave, San Francisco, California, readily accessible to and usable by individuals with disabilities,

14   per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice,

15   eligibility criteria and procedures so as to afford full access to the goods, services, facilities,

16   privileges, advantages and accommodations being offered.

17       2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

18   the prevailing party; and

19       3.    For such other and further relief as the court may deem proper.

20   **II.**    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
21   **AND 54.3, *ET SEQ.***
    (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
22   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
benefit corporation, and Against Defendants TIA MARGARITA INC., a California
23   corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and DOES
1-20, inclusive)
24   (California Civil Code §§54, 54.1, 54.3, *et seq.*)

25       1.    For injunctive relief, compelling defendants TIA MARGARITA INC., a

26   California corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and

27   DOES 1-20, inclusive, to make the TIA MARGARITA RESTAURANT, located at 300 19TH

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Ave, San Francisco, California, readily accessible to and usable by individuals with disabilities,

2    per state law.

3         2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

4    each occasion on which plaintiffs were deterred from returning to the subject public

5    accommodation.

6         3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

7    Procedure §1021.5, if plaintiffs are deemed the prevailing party;

8         4.      Treble damages pursuant to Civil Code §54.3;

9         5.      For all costs of suit;

10        6.      Prejudgment interest pursuant to Civil Code §3291;

11        7.      Such other and further relief as the court may deem just and proper.

12   **III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
          EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
13        AND 54.3, *ET SEQ.***
          (On Behalf of Plaintiff LES JANKEY, and Against Defendants TIA MARGARITA INC.,
14        a California corporation; TIA ASSOCIATES INCORPORATED, a California
          corporation, and DOES 1-20, inclusive)
15        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

16        1.      General and compensatory damages according to proof.

17        2.      Damages for retaliation according to proof.

18   **IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
          SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
19        §19955, *ET. SEQ.***
          (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
20        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
          benefit corporation, and Against Defendants TIA MARGARITA INC., a California
21        corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and DOES
          1-20, inclusive)
22        (Health & Safety code §19955, *et seq.*)

23        1.      For injunctive relief, compelling defendants TIA MARGARITA INC., a

24   California corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and

25   DOES 1-20, inclusive, to make the TIA MARGARITA RESTAURANT, located at 300 19TH

26   Ave, San Francisco, California, readily accessible to and usable by individuals with disabilities,

27   per state law.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or Civil Code §55, if plaintiffs are deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

**V.     PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and DOES 1-20, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.     Treble damages pursuant to Civil Code §52(a);

4.     For all costs of suit;

5.     Prejudgment interest pursuant to Civil Code §3291; and

6.     Such other and further relief as the court may deem just and proper.

**VI.     PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff LES JANKEY, and Against Defendants TIA MARGARITA INC., a California corporation; TIA ASSOCIATES INCORPORATED, a California corporation, and DOES 1-20, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1.   General and compensatory damages to plaintiff LES JANKEY according to proof.

2.   Damages for retaliation according to proof.

Dated:  ___8/14/06___ , 2006     THOMAS E. FRANKOVICH
                                  *A PROFESSIONAL LAW CORPORATION*


                            By:  _____
                                  THOMAS E. FRANKOVICH
                                  Attorneys for Plaintiffs LES JANKEY and DISABILITY
                                  RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
                                  HELPING YOU HELP OTHERS, a California public
                                  benefit corporation


## DEMAND FOR JURY TRIAL

   Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated:  ___8/14/06___ , 2006     THOMAS E. FRANKOVICH
                                  *A PROFESSIONAL LAW CORPORATION*


                            By:  _____
                                  THOMAS E. FRANKOVICH
                                  Attorneys for Plaintiffs LES JANKEY and
                                  DISABILITY RIGHTS, ENFORCEMENT, EDUCATION
                                  SERVICES: HELPING YOU HELP
                                  OTHERS, a California public benefit corporation